OPINION
Defendant-appellant, Carl Coldiron, appeals from his conviction and sentence entered by the Auglaize County Court of Common Pleas pursuant to a jury verdict finding him guilty of four counts of rape, one count of attempted rape, and four counts of sexual battery.
On March 2, 2000, defendant was indicted for eight counts of rape, four counts of sexual battery, two counts of weapon under disability and one count of unlawful possession of a dangerous ordnance; however, one of the charges of weapon under disability and the last count were dismissed. These charges arose from incidents involving two sisters. In July 2000, defendant filed a motion to suppress all evidence seized pursuant to the search warrant. In July, defendant also filed a motion to sever the victims' counts of the indictment. Following a hearing, the trial court denied defendant's motion to suppress but granted the motion to sever.
The case with regard to the older sister, Tiffni, was tried to a jury in August 2000. The jury convicted defendant on all counts with regard to her.
Defendant has appealed, asserting three assignments of error. For his first assignment of error, defendant asserts:
The convictions in counts four and five must be reversed because the evidence to support the convictions was insufficient as a matter of law.
Defendant argues that the evidence presented at trial does not support his conviction for two of the five separate incidents of rape involving the same victim, Tiffni. Specifically, defendant argues that the testimony provided by Tiffni does not establish he had sexual conduct with her for counts four and five.
In addressing defendant's argument regarding the sufficiency of the evidence to support a criminal conviction, the relevant inquiry is whether "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements * * * proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In order to obtain defendant's rape convictions, the State had to prove beyond a reasonable doubt that defendant engaged in sexual conduct with Tiffni. R.C. 2907.02. R.C. 2907.01(A) defines "sexual conduct" as:
 vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
The following facts are relevant to a determination of the two incidents in question. According to Tiffni, in the fall of 1999, the fourth incident occurred. She testified that defendant inserted a contraceptive suppository in her, lifted her legs above her head and "started puttin' his penis into [her] vagina." However, since Tiffni did state the defendant continued the act for "about half an hour," after which she would have "washed herself out," it is clear from Tiffni's complete testimony that penetration was involved in this incident and not, as defendant argues, merely commencement and preparation.
Similarly, penetration was implicit from Tiffni's testimony on the fifth incident. Once again, she stated that defendant put her legs above her head, that he started putting his penis in her, that she asked him to quit and she told him that it hurt.
On these facts, a rational trier of fact could have found beyond a reasonable doubt that defendant violated R.C. 2907.02 on the two occasions in question because he had sexual conduct with Tiffni by engaging in sexual intercourse with her. Defendant's first assignment of error is overruled.
For his second assignment of error, defendant asserts:
 The trial court erred and denied appellant a fair trial as guaranteed by the U.S. and Ohio Constitutions when it admitted prejudicial "other act" evidence.
The trial court allowed the State to question Tiffni wherein she discussed other sexual misconduct on the part of defendant. Defendant contends on appeal that defense questions regarding Tiffni's temper did not "open the door" for this testimony regarding an uncharged attempted rape and further evidence. Although defendant claims the evidence was inadmissible pursuant to Evid.R. 404(B) and Evid.R. 608(B), the only apparent basis of this argument goes to the credibility of Tiffni.
Evid.R. 608(B) allows, in the trial court's discretion, inquiry on cross-examination of specific instances of a witness' conduct to attack the witness' character for truthfulness or untruthfulness. Furthermore, a trial court's ruling on the admission of evidence will not be reversed absent an abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. However, under Evid.R. 403(A), even if relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
At trial, the defense attempted to impeach the credibility of Tiffni by eliciting testimony concerning her temper. Essentially, Tiffni acknowledged during cross-examination that she has a temper and identified times when she "argued or fought back because of [her] temper." The prosecution then elicited testimony about another time when Tiffni's temper flared and she stood up to the defendant in response to an incident of attempted sexual misconduct on the part of defendant. After the defense put the subject of Tiffni's temper in issue, "it could not limit the subject to just those points of evidence which were in its favor. Rather, the topic became open to all relevant inquiry in the discretion of the trial court." State v. Kamel (1984), 12 Ohio St.3d 306,312; see, generally, Evid.R. 402. Thus, in light of the credibility issue in this case, we do not find that the trial court abused its discretion by admitting this evidence. In addition, the record reveals that defense counsel got Tiffni to admit that she stood up to defendant and that she had got away from him on the particular occasion discussed.
However, additional testimony offered by the victim was in regard to "Chinese balls," relating that defendant tried to entice her with sex toys. We find this evidence went beyond the purpose of assessing credibility, as stated by the trial court in its discussion with counsel at the bench, and was introduced in error. However, we note that at that point no motion was made to strike the witness' testimony. In any event, despite the lack of relevancy of a small portion of evidence upon this issue, we find the admission of this evidence amounts to harmless error given the totality of other evidence against defendant. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Evid.R. 103. "In short, harmless evidentiary error is not a ground for reversal and retrial." Evid.R. 103, Staff Note. Accordingly, defendant's second assignment of error is overruled.
For his third assignment of error, defendant asserts:
 The trial court should have sustained the motion to suppress because the affidavit in support of the search warrant failed to provide probable cause, and a reasonable police officer should have known that probable cause was lacking.
Defendant contends that the affidavit supporting the search warrant lacked sufficient probable cause for the search. Specifically, he claims that the affidavit contained stale information, that the affidavit does not contain any reason to believe certain items at issue in this case (i.e. guns, K-Y jelly and contraceptive suppositories) were likely to be in the camper or the South Pear Street residence if searched, and that the affidavit was based on information that came from the victims' mother and her son whose reliability is questionable.
When determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, a trial judge or magistrate must make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. George (1989),45 Ohio St.3d 325, paragraph one of syllabus, quoting Illinois v. Gates
(1983), 462 U.S. 213, 238-39. Once the search warrant has been issued, the duty of the reviewing court is "simply to ensure that the magistrate [or judge] had a substantial basis for concluding that probable cause existed," and doubtful or marginal cases should be resolved in favor of upholding the warrant. George, paragraph two of syllabus. Moreover, evidence obtained by a law enforcement officer acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate [or judge] but ultimately found to be unsupported by probable cause will not be barred by the application of the exclusionary rule. See id. at paragraph three of the syllabus, citing United States v. Leon
(l984), 468 U.S. 897.
In the present case, we conclude that the challenged affidavit does contain information that would allow for reasonable inferences amounting to a fair probability that the K-Y jelly and contraceptive suppositories would have been found in the camper or the South Pear Street residence when searched. The affidavit disclosed that the victims' mother, Becky Coldiron, had just separated from defendant in the last week and defendant thus left the residence. According to the victims, the most recent of the alleged sexual abuse incidents would have occurred approximately eight weeks prior to this. When defendant left, he removed several bags of possessions from the residence based upon statements made by the police. The affidavit then reported that defendant advised the police that he was living in the camper, but stayed at the William Taylor residence at South Pear Street at times due to fumes from the camper. The affidavit also recounted a situation the victims' mother had with defendant at one time, including the fact that the victims' mother found condoms and contraceptive suppositories in the camper. Despite the passage of time, this information provides an apparent connection with defendant's belongings removed into his new residence or his camper.
As well, we find that the affidavit does establish that the judge had a substantial basis for concluding that probable cause existed that guns would be present when searched. First, the affidavit indicates that both the victims' mother and her son advised the police of possession of firearms by defendant. Moreover, her son further reported that defendant had taken at least one SKS Rifle with him when he moved out of the residence earlier that week.
Finally, as per George, "veracity" and "basis of knowledge" are relevant factors within the totality of the circumstances. In our judgment, those aspects of the affidavit were not so lacking as to not meet the "substantial basis" requirement. Nor is the affidavit as a whole such that a reasonable police officer would not believe probable cause to be stated therein.
For these reasons, the trial court did not err in denying defendant's motion to suppress evidence found pursuant to the search warrant for the camper and Pear Street residence. Defendant's third assignment of error is overruled.
Accordingly, we affirm defendant's conviction.
WALTERS, P.J., and HADLEY, J., concur.